## Talley v. Ford

*Rose, Houston, Cooper and Schmidt*, for plaintiff.
*Rosenberg & Rosenberg*, for defendants.
*William J. Lancaster*, for additional defendant.

OLBUM, J., August 10, 1964.—The subject of this trespass action is an accident which occurred on Route 51 near its intersection with Ensign Avenue. Immedi-

ately prior to the accident, the vehicle of the original defendants was traveling in the left, or passing, southbound lane, and the truck of the additional defendant was traveling in the same direction in the right, or curb, southbound lane, when the original defendants' vehicle crossed the medial strip and collided with the northbound vehicle of plaintiff's decedent. The original defendants contend that their vehicle was forced across the medial strip by the additional defendant's truck, which had moved from the curb lane into the passing southbound lane. It appears that in a deposition, the additional defendant stated that he had intended to make a right turn from Route 51 onto Ensign Avenue, which was a short distance beyond the point of collision. The original defendants contend that it is impossible for the additional defendant's truck to make this right turn from the curb lane because of the extreme narrowness of Ensign Avenue, and that, in order to make the turn, that truck must first move into the left, or passing, southbound lane. This contention, if established, might tend to support the original defendants' position that their vehicle was forced across the medial strip into the path of plaintiff's vehicle. The truck of the additional defendant which was being operated on the day of the accident remains in his possession.

In this novel petition, the original defendants ask the court, by way of discovery, to order the additional defendant to operate the truck in a southerly direction on Route 51, and to make a right turn into Ensign Avenue, as the additional defendant stated in his deposition that he intended to do on the day of the accident. The request is, that if the additional defendant is unable to make the turn from the southbound curb lane, he is to continue to traverse this portion of Route 51 until he is able to make the right turn onto Ensign Avenue, moving as far into the left southbound lane

as would be required for the truck to attain the arc necessary to make the turn. All of this is to be done while the original defendants photograph, by motion picture or still camera, all the maneuvers made by the additional defendant in the procedure requested, for as many attempted right turns as might be required. The original defendants offer to bear all reasonable expenses involved in this procedure.

This petition is titled "Petition for Discovery under Pennsylvania Rule of Civil Procedure 4009(2)." Rule 4009 is:

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the Court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control; or

"(2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspection, including measuring, surveying and photographing the property or any designated object or operation thereon."

It is obvious that Rule 4009(2), if its language is taken according to its common usage, does not provide for the kind of discovery petitioner seeks. It is suggested however, that if that subdivision is liberally construed "to secure the just . . . determination" of this action, as Rule 126 requires that the rules be construed, Rule 4009(2) is sufficiently broad to grant the prayer of this petition.

Counsel points to Federal Rule of Civil Procedure 34, which is virtually identical to Pa. R. C. P. 4009, and to the following commentary in Federal Rules Service, vol. 3, rule 34, p. 712:

"b. Operations. The other question left open by Rule 34 is whether a party may be ordered to perform any affirmative act in connection with allowing discovery or inspection of premises or things. For instance, may he be required to operate machinery for the other party's inspection? Such precedents as exist call for an affirmative answer, and it would seem that the reference in Rule 34 to 'operations' and the provision that the court's order 'may prescribe such terms and conditions as are just' clearly authorize the Federal Court to make such orders."

The key word in Rule 4009, as in Federal Rule 34, is "inspection." Under subdivision (1) of both rules, "inspection, including copying and photographing," of documents, records, and the like, has been liberally allowed. The question here is: How broad and flexible (under subdivision (2)) is the right to "inspection" of an "operation" on "designated land or other property" in "possession or control of the additional defendant?"

Our attention has not been invited to any decision under Pa. R. C. P. 4009, or under Federal Rule 34, nor have we independently been able to unearth one, in which a court has ordered a party to perform affirmative acts even remotely akin to the kind of acts which petitioners ask us to order the additional defendant to perform. An indication of the kind of "inspection" intended by the rule is found in Goodrich-Amram, Civil Practice §4009-4, pages 175-176, where, after stating that "It is difficult to imagine what kind of tangible property, if any, is excluded from the sweep of this language [Rule 4009(1)]," it is said:

"Further, it includes such 'tangible things' as items of machinery or equipment, of small size, involved in the action, and which would be physically capable of convenient production for inspection. If large or permanently fixed machinery is involved, the inspection

will be in place, under sub-division (2) of Rule 4009."

We have read several decisions in which the court has permitted inspection of equipment or machinery in place. In Caiarelli v. Peoples Natural Gas Co., 101 Pitts. L. J. 41, plaintiff was allowed to inspect and examine a portion of defendant's pipe which had been removed from its main gas line and which was alleged to have been defective and to have caused a gas explosion. A similar holding in a case also involving a gas line explosion is found in Rosenblum v. United Natural Gas Co., 11 D. & C. 2d 340. In Naylor, etc. v. Baker's Merchandise Co., Inc., 84 D. & C. 529, the court permitted plaintiff to photograph defendant's truck that had caused injury to a four year old child, where the complaint alleged negligence through defective appliances. In Shimadzu v. Electric Storage Battery Co., 6 F. Supp. 393, a patent infringement suit, the court went further, and permitted plaintiff to take samples of defendant's product directly from a powder-manufacturing machine as the machine was in operation, because the peculiar product altered so readily that accurate analysis would otherwise have been impossible. All of those decisions would appear to represent logical and relatively simple conclusions drawn from Rule 4009 and Federal Rule 34. None of those decisions, however, involves discovery of the character here sought.

A helpful discussion of the basic purpose of Federal Rule 34 (2) is found in Martin v. Reynolds Metals Corporation, 297 F. 2d 49, in which it was held that the district court had power to order cattle raisers to permit an aluminum plant operator, who feared action by the cattle raisers based upon alleged damage to cattle from fluorides discharged from an aluminum plant, to enter the cattle raisers' property, to take samples of forage, feed, water, soil, vegetation and mineral supplements thereon, and to examine, confine

or photograph cattle, take urine samples from them, and make post-mortems on dead cattle. In that case the court said, at page 56: "One of the purposes of the Federal Rules of Civil Procedure was to take the sporting element out of litigation, partly by affording each party full access to evidence in control of his opponent. To that end, Rule 34, like the other Rules relating to discovery, is to be liberally construed." At another point the court said, at page 57:

"The word 'inspection' has a broader meaning than just looking. The dictionary . . . defines 'inspect' as 'to examine carefully or critically, investigate and test officially, as to inspect food' and an 'inspection' as 'especially, a critical investigation or scrutiny.' We think that 'investigation,' when liberally construed, includes the sampling and testing here contemplated."

Our study of Rule 4009(2) persuades us that its basic intent is to authorize *inspection*, including photographing, upon the property of another party of any object *on such property* or of any *operation* which takes place *on such property*, whether it be the operation of machinery *in place*, such as that which operates by the push of a button or the pull of a lever, or an operation of the general character of that described in Martin v. Reynolds Metals Corporation, supra.

We think that the order petitioner seeks lies far beyond the ambit of the most liberal construction of the rule. We do not feel that it is within the contemplation of the rule to order a party to undertake to reconstruct his alleged participation in an accident by ordering him to operate his motor vehicle over the path he contends such vehicle traversed at the time of the accident. Considering the frailties of human nature, it is almost certain that the tensions under which this process would be performed by the additional defendant would impair his equanimity and militate strongly against his ability to make the turn

in the manner he says he intended to on the day of the accident, if, in fact, such turn is possible. Would not this procedure violate the injunction against discovery or inspection which causes embarrassment or oppression, which is contained in Pa. R. C. P. 4011 (b) ? And if, in this process, the additional defendant were to make several unsuccessful attempts while motion picture cameras ground, and then finally succeeded, what weight would be accorded at trial to the several unsuccessful attempts? Would the jury then be permitted to speculate, on the basis of the percentage of unsuccessful attempts, what actually occurred at the time of the accident? The imponderable considerations suggested by these questions lead us to conclude that, in all likelihood, many more questions would be generated than answered, and that the issues at trial would be rendered infinitely more complex. We are not satisfied that granting this request would be conducive to "the just, speedy and inexpensive determination" of this action, which is the goal the rules are intended to attain.

While we think it is clear that the rule contemplates an "inspection on the land or property" of another party, we are not disturbed at the prospect of having an "inspection" of the additional defendant's truck made on a public highway. We are disturbed at the concept of ordering the additional defendant to do the "inspection" in the manner requested. At the same time, we feel that because of the unusual nature of the petitioners' defense to plaintiff's claim, they are entitled to a reasonable opportunity to establish their contention, which can be done meaningfully only by an "inspection," meaning *test, of this truck,* and only at the precise scene of *this accident.* Because the additional defendant has retained possession of the truck he was driving on the day of the accident, (which, we are led to believe, is still in good operating condition),

it is entirely feasible to permit petitioners, through their own designated agents, to make an "inspection" of the truck by operating it over the route involved. The results of this "inspection" can then be the subject of testimony to be presented at trial. We think that such procedure is reasonable, that it is fair to both the original defendants and to the additional defendant, and that it would do no violence to the spirit of the rule. We shall therefore order that an "inspection" be made in such manner.

## Order of Court

Now, August 10, 1964, upon consideration of the petition for discovery filed in this matter, it is hereby ordered:

1. That the additional defendant make available to the original defendants at a mutually satisfactory time, and for a reasonable period, the truck of the additional defendant which the original defendants allege was involved in the occurrence which is the subject matter of this action.

2. That the original defendants be permitted, through their designated agent or agents, to operate said truck in a southerly direction on Route 51, in the vicinity of its intersection with Ensign Avenue, for the purpose of making a right turn onto Ensign Avenue.

3. That the original defendants be permitted to photograph, in such manner as they desire, the operation of said truck while the procedure set forth herein is being conducted, and to have available at the time of the operation such witnesses as the original defendants deem necessary.

4. That the additional defendant be permitted to be present and to have such witnesses as he deems necessary present during the operation of his truck

as herein ordered, and to conduct such photographing as he deems desirable.

5. That all reasonable expenses, including the cost of insurance premiums for reasonable and necessary insurance coverage during this operation, shall be borne by the original defendants, who will also make all necessary arrangements to provide adequate safeguards for all persons participating in the operation and for all other users of the highway at that time and place.